ALD-211                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1402
_____

ALIREZA BAKHTIARI,
                                                        Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 16-cv-00116)
District Judge:  Honorable Barbara Jacobs Rothstein
_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 17, 2018
Before:  MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed June 25, 2018)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Alireza Bakhtiari filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania,[1] challenging his 2012 conviction for obstruction of justice under 18 U.S.C. § 1512(c)(2).[2] See United States v. Bakhtiari, 714 F.3d 1057, 1059 (8th Cir. 2013) (per curiam).[3] His petition claimed that he was actually innocent of the offense to which he had pleaded guilty. The District Court dismissed his petition for lack of jurisdiction, and Bakhtiari timely appealed. As no substantial question is raised by this appeal, we will grant the Appellee's motion to summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

As Bakhtiari acknowledges, a motion filed under 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can collaterally attack the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Hence, a federal prisoner may challenge the validity of his conviction or sentence via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). To date, we have

---

[1] At the time of filing the petition, Bakhtiari was confined in a prison within the Western District of Pennsylvania.

[2] The statute provides: "(c) Whoever corruptly-- . . . (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1512(c), (c)(2).

[3] Bakhtiari has since completed his prison term and he is now subject to supervised release.

applied the "inadequate or ineffective" savings clause exception only when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017) (citing In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)).

Bakhtiari argues that he can meet that exception—that he is actually innocent of the offense of his conviction due to three intervening cases: Elonis v. United States, 135 S. Ct. 2001 (2015), Burrage v. United States, 134 S. Ct. 881 (2014), and United States v. Petruk, 781 F.3d 438 (8th Cir. 2015). But we agree with the District Court that none of those three decisions decriminalized the actions underlying Bakhtiari's conviction.

First, Bakhtiari argues that after Elonis, his conduct did not constitute a "threat." But Elonis addressed the mental state the Government was required to prove to obtain a conviction under 18 U.S.C. § 875(c); the decision did not otherwise define what constitutes a "threat." See Elonis, 135 S. Ct. at 2011-12. And although Bakhtiari was initially charged with a violation of § 875(c), the Government dismissed that charge pursuant to its plea agreement with him—Elonis did not involve or address what the Government must show to obtain a conviction under Bakhtiari's statute of conviction, § 1512(c)(2). In any event, Bakhtiari explicitly admitted to the requisite mental state for the offense of his conviction. See Guilty Plea Agreement, Dkt. #4-5, at 4, 5.

3

Bakhtiari cites a second Supreme Court case, <u>Burrage</u>, in which the Court addressed the type of causation necessary to apply the enhanced penalty under 21 U.S.C. § 841(b)(1)(C) on an individual who distributes a controlled substance that causes death or serious bodily. <u>Burrage</u>, 134 S. Ct. at 892. But <u>Burrage</u> was issued *before* the appeal in Bakhtiari's § 2255 motion became final. As Bakhtiari could have raised his arguments based on that case in his § 2255 proceedings, § 2255 was not "inadequate or ineffective" for bringing his claim.[4]

Finally, Bakhtiari cites an Eighth Circuit case, <u>Petruk</u>, in which the Court held "that a successful prosecution under § 1512(c)(2) requires proof beyond a reasonable doubt that the defendant contemplated a particular, foreseeable proceeding, and that the contemplated proceeding constituted an 'official proceeding,' which is defined under § 1515(a)(1)(A) to include a proceeding before a federal judge, court, or grand jury, but not a state proceeding." <u>Petruk</u>, 781 F.3d at 445. However, <u>Petruk</u> did not decriminalize Bakhtiari's conduct.[5] First, the proceedings in Bakhtiari's case were both federal

---

[4] Indeed, Bakhtiari stated in his objections to the Magistrate Judge's Report and Recommendation that he *did* raise the arguments in his § 2255 proceedings. <u>See</u> Dkt. #23 at 8-9; <u>Cradle</u>, 290 F.3d at 539 ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."). In any event, we are unaware of any court that has extended the holding in <u>Burrage</u> to require a "but-for" causation jury instruction in the context of § 1512(c)(2).

[5] Given this conclusion, we need not decide whether a change in circuit court decisional law alone would allow a movant to meet the savings clause exception. <u>See</u> United States

proceedings, and second, Bakhtiari admitted that he intended to influence the official proceedings.[6]

Because the cases cited by Bakhtiari did not decriminalize his conduct, he failed to show that his case falls under the innocence exception that we recognized in Dorsainvil. And Bakhtiari has not offered any other basis, nor are we aware of any, for finding that § 2255 is "inadequate or ineffective" for raising his claims. The District Court thus properly dismissed his § 2241 petition. See Cradle, 290 F.3d at 539.

For the foregoing reasons, we will affirm the District Court's judgment.

---

v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (savings clause may apply if "the petitioner is actually innocent, that is [if] the petitioner's conduct had been rendered non-criminal due to the Supreme Court decision as well as our own precedent construing the Supreme Court's decision").

[6] For example, the Guilty Plea Agreement states:

> The defendant took these actions with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct the official proceeding; The defendant intended the natural and probable consequence of these actions, i.e. that the attorney defending against his pro se lawsuit would be frightened, intimidated, and chilled in his advocacy against the defendant, and potentially deterred from discovering evidence that the defendant had forged the documents on which the lawsuit was based-thus interfering with the due administration of justice.

Dkt. #4-5 at 4.

5